UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JEFFREY H. ALLEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UTILIQUEST, LLC, and DOES 1 through 100, INCLUSIVE,<br><br>Defendants. | Case No: C 13-4466 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Dkt. 16 |

Defendant UtiliQuest, LLC, previously removed the instant putative wage and hour class action from state court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). The Court remanded the action based on Defendant's failure to demonstrate that the amount in controversy exceeds $5,000,000, as required by CAFA. Defendant subsequently removed the action a second time based on allegedly new law and facts.

The parties are presently before the Court on Plaintiff's Motion to Remand. Dkt. 16. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

On October 31, 2012, Jeffrey Allen filed a civil action against Defendant claiming that it violated California law wage and hour laws by failing to compensate him and class members for time spent on commuting. On December 4, 2012, Plaintiff filed an Amended Class Action Complaint ("Amended Complaint"). On January 4, 2013, Defendant removed the action to this Court, alleging jurisdiction under CAFA. See Allen v. Utiliquest, No. C 13-0049 SBA.[1]

Plaintiff filed a motion to remand for lack of subject matter jurisdiction on the ground that Defendant had failed to demonstrate with "legal certainty" that the amount in controversy exceeds $5,000,000. On August 1, 2013, the Court granted Plaintiff's motion and remanded the action to the San Francisco County Superior Court. Allen v. Utiliquest, LLC, No. C 13-0049 SBA, 2013 WL 4033673 at (N.D. Cal. Aug. 1, 2013). In reaching its decision, the Court found that Defendant had failed to satisfy the "legal certainty" test set forth in Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007). The Court remanded the action under 28 U.S.C. § 1447(c) for lack of jurisdiction.

On September 25, 2013, Defendant removed the action to this Court for the second time, again relying on CAFA as the basis for jurisdiction. According to Defendant's Notice of Removal, "significant changes in Ninth Circuit case law and Plaintiff's recent deposition testimony . . . allow[] this case to be removed to the Court at this time." Notice of Removal ¶ 8, Dkt. 1. Defendant first points to the Ninth Circuit post-remand decision in Rodriguez v. AT&T Mobility Services, LLC, 728 F.3d 975 (9th Cir. 2013) which overruled

---

[1] "Federal jurisdiction under CAFA has three elements: (1) there must be minimal diversity of citizenship between the parties, (2) the proposed class must have at least 100 members and (3) the amount in controversy must exceed[ ] the sum or value of $5,000,000." Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1139 (9th Cir.2013) (internal quotation marks omitted).

Lowdermilk's legal certainty standard. Id. ¶ 5.[2] Defendant next alleges that it only recently learned the factual basis of Plaintiff's claims during his August 27, 2013 deposition, at which time Plaintiff acknowledged that his "sole" theory of recovery is that Defendant allegedly failed to compensate him for time spent driving his company vehicle between his home and his first and last job sites. Id.

Plaintiff now moves to remand the action to state court pursuant to 28 U.S.C. § 1447(c) on the grounds that (1) Defendant has failed to articulate a change in law or facts to justify a second removal and (2) Defendant failed to remove the action within thirty days after service of an initial pleading. The motion has been fully briefed and is ripe for adjudication.

## II.   LEGAL STANDARD

"A motion to remand is the proper procedure for challenging removal." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). A remand may be ordered either for lack of subject matter jurisdiction or for any defect in the removal procedure. See 28 U.S.C. § 1447(c). "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III.   DISCUSSION

As a general rule, a party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action. See St. Paul & C.

---

[2] In Rodriguez, the Ninth Circuit held that Lowdermilk's legal certainty test is inconsistent with the Supreme Court's decision in Standard Fire Insurance Co. v. Knowles, – U.S. –, 133 S.Ct. 1345 (2013), and "that the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard." Rodriguez, 728 F.3d at 977.

Ry. Co. v. McLean, 108 U.S. 212, 217 (1983); Seedman v. U.S. Dist. Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction"). The general prohibition on successive removals, however, does not apply "when subsequent pleadings or events reveal *a new and different* ground for removal." Kirkbride v. Continental Casualty Co., 933 F.2d 729, 732 (9th Cir. 1991) (quoting FDIC v. Santiago Plaza, 598 F.2d 634, 636 (1st Cir. 1979)) (emphasis in original).

In Kirkbride, the Ninth Circuit reversed a district court order remanding an action removed by the Federal Deposit Insurance Corporation ("FDIC"). After remanding the action twice previously, the district court remanded a third time on the ground that it was bound by its prior remand orders. In rejecting the trial court's reasoning, the Ninth Circuit explained that while the action was pending in state court, Congress enacted the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), which broadened the scope of the FDIC's removal authority. Id. at 731. The Ninth Circuit highlighted the fact that the FIRREA's jurisdictional provisions applied to cases pending on the date of its enactment, and unequivocally established the FDIC's right to litigate in federal court. Id. at 731-32. The court concluded that the prior remand orders did not bar the FDIC's third removal, since it "was based on newly enacted legislation that gave FDIC *different removal rights* than its predecessor." Id. at 732 (emphasis added).

Relying on Kirkbride, Defendant argues that the Ninth Circuit's post-remand decision in Rodriguez eliminated the "legal certainty" standard upon which the Court previously relied, and that such change constitutes a new legal basis for removal. The Court disagrees. The successive removal in Kirkbride was permitted because it was predicated on the legislation that created a new legal basis for removal that did not exist at the time of the prior removals. In this case, however, the legal basis of Defendant's second removal is the same as the first: CAFA. There has been no amendment to CAFA that affords Defendant a right to remove that it did not have previously. While the legal standard applicable to determining whether the removing party has met its burden of

demonstrating jurisdiction under CAFA may have changed, that is not the type of intervening change in the law which Kirkland recognized as a "*new and different* ground for removal."  933 F.2d at 732.

Equally unpersuasive is Defendant's ancillary contention that changed factual circumstances justify the second removal.  Defendant cites Benson v. SI Handling Systems, Inc., 188 F.3d 780 (7th Cir. 1999) for the proposition that a defendant may remove a previously remanded action based on the presentation of additional evidence demonstrating that the requisite amount in controversy has been satisfied.  In Benson, the district court initially remanded the case after finding that "the papers did not establish that the amount in controversy exceeds $75,000."  Id. at 781.  Defendants removed a second time, and the district court again remanded after concluding, inter alia, that successive removals are impermissible.  Id.  The Seventh Circuit reversed, holding that there was no legal impediment to a successive removal based on changed circumstances, and that the imposition of such a rigid rule "would encourage plaintiffs to be coy."  Id. at 783.  The court noted that after the action was remanded and pending in state court, the plaintiffs "'fessed up" in discovery that at least $75,000 was in controversy.  The court held that this admission was sufficient to support a renewed attempt to remove the action.  Id.

Setting aside that Benson is not binding in this Circuit, the Court finds that it is factually distinguishable and thus has no application here.  Unlike Benson, Defendant's second removal petition is not based on new discovery wherein Plaintiff has admitted or confirmed that in excess of $5,000,000 is in controversy.  Moreover, the "new" factual information cited by Defendant was readily available when it filed its opposition to Plaintiff's original motion to remand.  In particular, Defendant relies on the declaration of its Senior Human Resources Manager, Neil Vocke, who reviewed the company's internal time records and payroll information pertaining to Plaintiff and employees working in his position, and estimated the amount of time and wages they may be owed for time spent commuting.  Vocke Decl. ¶¶ 4, 6-17, Dkt. 4.  Based on the figures provided by Mr. Vocke, defense counsel, in turn, calculated the alleged amount in controversy.  Bean Decl. ¶ 2, Dkt.

5.  Notably, in providing these estimates, Defendant simply relied on information already in its possession, as opposed to new information obtained from Plaintiff to establish that, in fact, the requisite amount was in controversy to support jurisdiction under CAFA.

Defendant also argues that during Plaintiff's deposition on August 27, 2013, it learned for the first time that his claims were predicated solely on Defendant's failure to pay for commute time.  However, this specific information was fully disclosed to Defendant by Plaintiff in his Initial Disclosures served on April 30, 2013, prior to the first remand.  Roller Decl. Ex. B, Dkt. 17.  Defendant does not dispute this, but complains that the Initial Disclosures did not specifically state the amount Plaintiff is seeking in damages.  Perhaps so, but the Initial Disclosures provided Defendant with more than sufficient detail from which it could have reviewed its internal records to show that more than $5,000,000 is at stake.  The information now proffered by Defendant could—and indeed, should—have been presented to the Court in opposing Plaintiff's first motion to remand.  That Defendant is belatedly attempting to do so now does not render its factual showing "new and different" for purposes of allowing a successive removal petition.[3]

## IV.  CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT, pursuant to 28 U.S.C. § 1447(c), Plaintiff's Motion to Remand is GRANTED.  The instant action is REMANDED to San Francisco County Superior Court.  The Clerk shall mail a certified copy of this Order to the clerk of the State court.  The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 1-8-14

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[3] In view of the above, the Court need not reach Plaintiff's alternative contention that the removal is untimely.

- 6 -